UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUAN LUIS MEDINA-DELOERA

    Petitioner,

v.                                        CASE NO. 6:05-cv-483-Orl-31DAB
                                                    (6:02-cr-4-Orl-31DAB)

UNITED STATES OF AMERICA,

    Respondent.

**<u>ORDER</u>**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Juan Luis Medina-Deloera. The Government filed a timely response to the section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts* (Doc. No. 7). Petitioner was provided with the opportunity to file a reply, but he failed to do so.

*Procedural History*

Petitioner was charged by indictment with one count of illegal re-entry (Criminal Case No. 6:02-cr-4-Orl-31DAB, Doc. No. 1, filed January 30, 2002)[1]. Petitioner pled guilty to the charge without the benefit of a plea agreement. United States Magistrate Judge Baker held a hearing on the plea and subsequently entered a Report and Recommendation Concerning Plea of Guilty (Criminal Case Doc. No. 23, filed August 6, 2002). Magistrate Judge Baker recommended that the plea of

---

[1] Hereinafter Criminal Case No. 6:02-cr-4-Orl-31DAB will be referred to as "Criminal Case."

guilty be accepted and that Petitioner be adjudged guilty and have sentence imposed accordingly. The Court subsequently entered an Acceptance of Plea of Guilty and Adjudication of Guilt in which 1) the plea of guilty was accepted, and 2) Petitioner was adjudged guilty of count one of the indictment (Criminal Case Doc. No. 25, filed August 29, 2002). On October 22, 2002, the Court entered a Judgment In A Criminal Case, sentencing Petitioner to imprisonment for a term of 78 months (Criminal Case Doc. No. 27). Petitioner did not file a direct appeal.

*Petitioner's Section 2255 Motion is Untimely*

A motion under section 2255 must be filed within one-year from the latest of the following:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Petitioner's motion is subject to dismissal because it was not timely filed under the one-year period of limitation set forth in section 2255.

As already noted, the judgment of conviction in this case was entered by the Court on October 22, 2002. Because no appeal was filed, the judgment of conviction became final 10 days after the entry of judgment by the Court. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (holding that a conviction that is not appealed becomes final when the time allotted for

filing an appeal expires). Thus, Petitioner's conviction became final on or about November 1, 2002. Consequently, Petitioner had until November 1, 2003, to file a section 2255 motion in this case.

Although Petitioner's section 2255 motion was file-stamped by the Clerk's office on March 31, 2005, under the "mailbox rule," it would be deemed filed on March 24, 2005, the date when the motion was signed and presumably delivered to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). Because Petitioner's section 2255 motion was not filed by November 1, 2003, it is time-barred under section 2255 and must be denied.

Petitioner argues that his claims are based on *Booker*[2] and *Blakely*[3] and that, therefore, this Court should excuse the untimeliness of the section 2255 motion. However, in *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005), the Eleventh Circuit Court of Appeals held that "*Booker's* [and *Blakely's*] constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." *Id*. at 868. Therefore, section 2255 affords Petitioner no relief.

Any of Petitioner's other allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1, filed March 31, 2005) filed by Juan Luis Medina-Deloera is **DENIED**, and this case is **DISMISSED** with prejudice.

---

[2] *United States v. Booker*, 125 S. Ct. 738 (2005).

[3] *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A certified copy of this Order and the judgment shall also be filed in criminal case number 6:02-cr-4-Orl-31DAB.

3. The Clerk of the Court is directed to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 29, filed March 31, 2005) pending in case number 6:02-cr-4-Orl-31DAB.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 26th day of January, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 1/26
Juan Luis Medina-Deloera
Counsel of Record